UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER KEITH HANDY**                          **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                               **NO. 06-0738-A-M2**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, May 23, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHRISTOPHER KEITH HANDY**                                                  **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                                                       **NO. 06-0738-A-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on referral of the plaintiff's "Objection" to the Court's Ruling and Order of Dismissal, <u>see</u> rec.doc.no. 6, which the Court interprets as a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

On September 28, 2007, the pro se plaintiff commenced this proceeding as an action, styled an "Extraordinary Writ", wherein he effectively challenged his 1990 criminal conviction and 5-year sentence as improper. Upon the Court's conclusion that the plaintiff's action should be re-characterized as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court advised the plaintiff that the Court intended to so re-characterize the Complaint and advised the petitioner to resubmit his claim on the Court's approved habeas corpus form within twenty (20) days or the case would be dismissed.    <u>See</u> rec.doc.no. 3. Thereafter, upon the plaintiff's failure to respond to the Court's Order, the Court dismissed this proceeding.

Now, the plaintiff contends that his failure to timely comply should be excused because, <u>inter alia</u>, he never received a copy of the Court's initial order directing him to resubmit his claim.[1]

---

[1] The plaintiff also ambiguously and contradictorily prays in his "Objection" for a "voluntary dismissal" of this proceeding and prays for the Court to advise him whether he may proceed with a habeas corpus claim, and he also concedes that he has no valid basis for assertion of a habeas corpus claim because he is admittedly no longer in custody.

In the Court's view, the plaintiff's motion should be denied. In the first place, the plaintiff still has not provided the Court with the habeas corpus application which the Court directed him to submit. Further, and more importantly, the plaintiff implicitly concedes in his motion that there is no justification for allowing him additional time within which to submit a habeas corpus application. Specifically, he explicitly concedes that he "is not entitled to a 2254 writ of habeas" because he is no longer in confinement and so cannot meet the prerequisite in-custody status for the assertion of a habeas corpus application. See 28 U.S.C. § 2254(a). Accordingly, there is no rationale for the Court to reinstate this case on the Court's Docket and provide the plaintiff with additional time within which to submit a habeas corpus application.

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the plaintiff's motion for new trial, rec.doc.no. 6, be **denied.**

Signed in chambers in Baton Rouge, Louisiana, May 23, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**